KINGSBURY and Others *v.* VANCE for the use of TOUSEY.

Tuesday,
May 31.

ERROR to the *Marion* Circuit Court.

STUART J.—This was an action of debt on a delivery bond, conditioned to deliver certain property levied on, at the time and place of sale, &c.

General demurrer to the declaration overruled, and judgment for *Vance*.

Several objections are taken by the plaintiffs in error. One is, that the declaration does not aver a demand of the property at the time and place, &c. In this the plaintiffs in error seem to be mistaken. By the terms of the bond, the delivery was to be at the store of *A. Wallace*, in *Indianapolis*, on the 20th day of *May*, 1851. The declaration avers that the sheriff was present at, &c., and demanded the property, &c., and proceeds to negative the

delivery. This seems sufficient. It is not to be presumed that the objection goes to the fact of the sheriff making the demand by his deputy.

May Term,
1853.

BARKWELL
v.
THE STATE.

The other objections are equally unfortunate. Like the one just considered, the points which the objections would raise, have no relation to the facts—do not arise in the record. The demurrer to the declaration was correctly overruled.

It is not necessary to decide the question raised in argument, whether, in such cases, a demand by the sheriff was necessary. The authority referred to, *English* v. *Finney*, 5 Blackf. 298, does not seem to support the position for which it was cited.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*R. L. Walpole*, for the plaintiffs.

*L. Barbour* and *A. G. Porter*, for the defendant.